# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN G. GILBERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-CV-277-SMY-MAB |
| MICHAEL J. YARD and MICHAEL T. YARD TRUST, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). Plaintiff, who is currently incarcerated at Western Illinois Correctional Center, filed a Complaint on March 6, 2019 seeking a declaratory judgment that he is owed sums of money pursuant to an agreement with Michael J. Yard, who is purportedly incarcerated at Menard Correctional Center. Attached to the Complaint is a document entitled "consent" in which Yard, as a beneficiary of a trust, directs the trustee to give Plaintiff a "gift" of $57,000 from the trust account. The "consent" is notarized by Michele Olson and dated June 28, 2016. Also attached are documents that purport to be power of attorneys, making Plaintiff and Tonya Yard capable of disposing of Yard's assets. These documents were purportedly executed in 2015 and 2016. Plaintiff also has attached a letter dated October 11, 2017 to Tonya and Michael Yard (who are or were married) demanding payment in an unspecified amount for work done.

The Complaint does not set forth a basis for this Court's jurisdiction. Plaintiff seeks a declaration that he is owed $57,000.00 by Yard or the Michael J. Yard Trust and cites to the Declaratory Judgment Act, 28 U.S.C. § 2201, and various constitutional amendments and state laws. The Declaratory Judgment Act does not independently confer subject matter jurisdiction. *See Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018). And, notwithstanding citations to federal law and the Constitution in the Complaint, there is no basis for federal question jurisdiction because Plaintiff's claim does not arise under the laws of the United States. *See* 28 U.S.C. § 1331. Rather, Plaintiff is seeking to enforce a purported contract between himself and Mr. Yard, or the Michael J. Yard Trust. Such a claim arises under state law and this Court can only have jurisdiction over the claim based on diversity.

"For a cause to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. V. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). Additionally, an amount in excess of $75,000, exclusive of interest and costs, must be in controversy. *See* 28 U.S.C. § 1332(a)(1). The plaintiff bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

It is apparent from the Complaint and attachments that diversity jurisdiction does not exist. The amount in controversy, $57,000.00, is less than the threshold jurisdictional amount, and Plaintiff has not set forth the citizenship of any of the parties. *See* FED.R.CIV.P. 8; *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (holding that prisoners are citizens of the state in which they lived prior to incarceration or where they intend to live upon release). Therefore, this Court lacks subject matter jurisdiction over this matter and it is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: April 16, 2019**

**STACI M. YANDLE**
**United States District Judge**